### ACTION ON BEHALF OF AN INFANT BY HIS NEXT FRIEND.

Circuit Court of Hamilton County.

FRANK RANSOM, AN INFANT, BY BUSH RANSOM, HIS NEXT FRIEND,
v. HABERER & COMPANY.

Decided, November 26, 1910.

*Parties—Competency of Testimony by an Infant Plaintiff—Where the
Defendant has Become Imbecile.*

1. Where an action is brought by an infant through his next friend for
   recovery of damages on account of personal injuries, the infant is
   the party plaintiff and is not competent to testify where imbecility
   on the part of the defendant has intervened.
2. Nor is such a party plaintiff rendered competent as a witness by the
   exception to the statute which provides that nothing therein con-
   tained shall apply to actions causing death.

*Scott Bonham,* for plaintiff in error.
*Galvin & Galvin* and *Pogue & Pogue,* contra.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

At the trial of the above case it developed that Frank Ransom,
an infant, while in the employ of Haberer & Company, was in-
jured September 27, 1907. · Afterward and before the trial of
the case Sophia Haberer, the sole owner of the business of
Haberer & Company, was declared an imbecile, a guardian being
appointed for her and substituted as party defendant in the
case.

When Frank Ransom was offered as a witness in his own
behalf he was not allowed to testify by the trial court upon the
ground that he was not competent to so testify under Section
5242, Revised Statutes.

Upon the conclusion of plaintiff's evidence the court instructed
the jury to return a verdict for the defendant in error, upon
which judgment was subsequently rendered and it is now sought
in this court to reverse said judgment upon the grounds: First,
that plaintiff in error was not the party plaintiff but that the
real party plaintiff was his next friend; and second, that the

case falls under the eighth exception set out in Section 5242, Revised Statutes, which provides that "Nothing in this section contained shall apply to actions causing death."

We do not think that these objections are well founded. It is evident under Section 4998 that the infant in this case is the party plaintiff, his action being brought by his next friend, and this court so held in the case of *Burkham* v. *Cooper,* 2d C. C., 77.

As to the second objection it has been decided in *Ross* v. *Todd,* 4th C. C., 2, that while Section 5242 does not in terms exclude as a witness a party when the adverse party is the guardian of an "imbecile," yet an imbecile comes within the maning and spirit of the statute. Such a person is one of unsound mind and under Section 5240, Revised Statutes, is an incompetent witness.

It has been urged that in actions of tort where one party is under such a disability the adverse party would be a competent witness; but the statute makes no distinction in this regard between different classes of civil actions, and this has been so held in the case of *Irwin* v. *Nolde,* 164 Pa. St., 209.

We can not agree with counsel for plaintiff in error that this case comes within the eighth exception under Section 5242, Revised Statutes, which applies to actions causing death. The case before the court is one for personal injuries. It is evident that this exception was created by the Legislature to enable a defendant in a case brought against him for causing the death of a person, to testify, where the administrator of the deceased is the adverse party.

We find no errors in the record and the judgment of the court below will be affirmed.